# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

ALIX C. BARRAU,

     Plaintiff,

v.

TRANS UNION, LLC,

     Defendant.

_____/

Case No. 0:24-cv-60379

**<u>JURY TRIAL DEMANDED</u>**

## <u>COMPLAINT</u>

NOW comes ALIX C. BARRAU ("Plaintiff"), by and through the undersigned, complaining as to the conduct of TRANS UNION, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages under the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. § 1681 *et seq*., stemming from Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FCRA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1681, as well as 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business, and a substantial portion of the events or omissions giving rise to the claims occurred, within the Southern District of Florida.

**PARTIES**

4. Plaintiff is a consumer over-the-age of 18 and residing in Plantation, Florida, within the Southern District of Florida.

5. Defendant is regularly engaged in the business of assembling and evaluating information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties inquiring about a consumer's credit worthiness, credit standing, and credit capacity for consumers across the country, including those in the state of Florida. Defendant is a limited liability company organized and existing under the laws of the state of Delaware with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives, and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSE OF ACTION**

7. Sometime ago, Plaintiff obtained a credit card with Prosper Marketplace, Inc. ("Prosper"), which she eventually fell behind on in paying that resulted in Plaintiff owing a purposed obligation to Prosper ("subject debt").

8. In August of 2023, the subject debt was waived as a result of a confidential settlement agreement entered into by Plaintiff and Prosper.

9. As part of the settlement agreement, Prosper was required to submit requests with all credit reporting agencies for deletion of any and all trade lines pertaining to the subject debt.

10. However, following the execution of the confidential settlement agreement, Prosper erroneously send the subject debt to Absolute Resolutions Investments ("ARI") for collection.

11. Part of ARI's collection activity included credit reporting of the subject debt.

12. Consequently, on or around December 1, 2023, Plaintiff initiated a written credit dispute with Defendant regarding the subject debt.

13. Defendant on or around December 7, 2023 reviewed the dispute and verified that the subject debt was accurately being reported.

14. Defendant clearly failed to reasonably investigate Plaintiff's credit dispute. Despite the clear nature of Plaintiff's dispute, and obviously erroneous nature of the information being reported by Defendant, Defendant failed to remove the incorrect information from Plaintiff's credit report.

15. As such, despite having actual knowledge that there was inaccurate information being reported on Plaintiff's credit file, and that the debt is no longer

owed by Plaintiff, Defendant continued to report the subject debt in an inaccurate manner.

16. The reporting of the subject debt is patently inaccurate and materially misleading because it paints Plaintiff's creditworthiness in a false light.

17. Any reasonable investigation engaged in by Defendant would and should have revealed the inaccuracy of the information on Plaintiff's credit report.

**IMPACT OF INACCURATE INFORMATION IN PLAINTIFF'S CREDIT FILE**

18. The erroneous reporting of the subject consumer debt paints a false and damaging image of Plaintiff. Specifically, the inaccurate reporting of the subject debt has had a significant adverse impact on Plaintiff's credit rating and creditworthiness because it misleads creditors into believing that Plaintiff cannot honor her financial obligations and is thus a high-risk consumer.

19. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to her ability to obtain financing and/or credit opportunities, and to regain a firm foothold on her creditworthiness, credit standing, and credit capacity.

20. As a result of the conduct, actions, and inactions of Defendant, Plaintiff has suffered various types of damages and out-of-pocket expenses as set forth herein, including the loss of credit opportunity, a decreased credit score, loss time tracking

the status of her disputes, loss time monitoring her credit files, denial of credit applications, and mental and emotional pain and suffering.

21. Due to the conduct of Defendant, Plaintiff was forced to retain counsel to correct the inaccuracies in her Trans Union credit files.

### COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

22. Plaintiff restates and realleges paragraphs 1 through 21 as though fully set forth herein.

23. Defendant is a "consumer reporting agency" ("CRA") as defined by 15 U.S.C. § 1681a(f).

24. Defendant is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

25. At all times relevant, the above-referenced credit reports were "consumer reports" as that term is defined by § 1681a(d).

26. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. § 1681a(c).

### a. Violations of 15 U.S.C. § 1681e(b)

27. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

5

28. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

29. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information or delete the item within 30 days of receiving the dispute. 15 U.S.C. § 1681i(a)(1)(A).

30. Plaintiff provided Defendant with all relevant information in her request for investigation to reflect that the subject debt was being reported inaccurately.

31. Defendant nevertheless prepared Plaintiff's credit reports containing inaccurate and materially misleading information by reporting the subject debt on Plaintiff's credit report notwithstanding her disputes, when in fact the subject debt should have been removed from her credit report altogether.

32. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Defendant has prepared patently false and materially misleading consumer report concerning Plaintiff by its allowance of the reporting of the subject debt on Plaintiff's credit report to persist.

33. Defendant knew that the inaccurate information contained in Plaintiff's credit file did not belong to her after Plaintiff put Defendant on notice that the subject debt was waived as part of a confidential settlement agreement entered into by Plaintiff and Prosper.

34. By deviating from the standards established by the credit reporting industry and the FCRA, Defendant acted with reckless disregard for its duties to report accurate and complete consumer credit information.

35. Despite actual knowledge that Plaintiff was not responsible for the subject debt, Defendant readily sold false reports to one or more third parties, thereby painting a false and damaging picture of Plaintiff.

36. Defendant's refusal to correct patently false and materially misleading information as mandated by the FCRA reveals a conscious disregard of the rights of Plaintiff and consumers in general.

37. As demonstrated by the facts, Defendant's conduct was willful and wanton and displayed a reckless disregard of the rights of Plaintiff.

38. As stated above, Plaintiff was severely harmed by Defendant's conduct.

### b. Violations of 15 U.S.C. § 1681i- § 1681g

39. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to

verify the accuracy of the disputed information, the CRA is required to delete that item of information from the consumer's file. *See* 15 U.S.C. §1681i(a)(5)(A).

40. Defendant violated 15 U.S.C. § 1681i(a)(1) by failing to conduct a reasonable reinvestigation to determine whether the disputed information was accurate, to record the current status of the disputed information, and to subsequently delete or correct the information on Plaintiff's credit file.

41. Through her dispute, Plaintiff provided Defendant with indisputable evidence that she was not responsible for the subject debt.

42. Had Defendant conducted any investigation, and taken reasonable steps to investigate Plaintiff's dispute, it would have updated Plaintiff's consumer file and removed all erroneous information, including the subject debt.

43. Instead, Defendant erroneously "verified" that the information contained in Plaintiff's consumer reports did in fact belong to Plaintiff even after she submitted proof that the subject debt was waived as part of a confidential settlement agreement.

44. Defendant violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff regarding her disputes of the inaccurate information.

45. Had Defendant reviewed the documents submitted by Plaintiff, it would have been impossible for Defendant to persist in its reporting of the subject debt.

46. Defendant violated 15 U.S.C. § 1681i(a)(5) by failing to delete or modify the incorrect information that was the subject of Plaintiff's disputes.

47. Defendant violated 15 U.S.C. § 1681g(a)(1) by failing to completely and accurately disclose to Plaintiff all the information in Plaintiff's credit file when Plaintiff tried to access her Trans Union credit report so Plaintiff can evaluate her file for inaccuracies.

48. Defendant knew that the inaccurate reporting of the subject debt in Plaintiff's credit file would have a significant adverse impact on Plaintiff's credit worthiness and her ability to receive financing and/or credit opportunities.

49. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

50. By deviating from the standards established by the credit reporting industry and the FCRA, Defendant acted with a reckless disregard for their duties to report accurate and complete consumer credit information.

51. It is Defendant's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

52. Defendant's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting her credit information accurately.

53. Defendant acted reprehensively and carelessly by reporting and re-reporting the subject debt on Plaintiff's credit reports after Plaintiff notified Defendant of the inaccurate nature of such information.

54. Defendant has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

55. Upon information and belief, Defendant do not conduct independent investigations into consumer disputes, if any such investigations are engaged in at all.

56. As stated above, Plaintiff was severely harmed by Defendant's conduct.

WHEREFORE, Plaintiff, ALIX C. BARRAU, respectfully requests that this Honorable Court enter judgment in her favor, as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes;

b.  Ordering Defendant to immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files and further restraining Defendant from continuing to report the subject debt inaccurately;

c.  Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d.  Awarding Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. § 1681n;

e.  Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §§ 1681n and 1681o;

f.  Awarding Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §§ 1681n and 1681o; and

g.  Awarding Plaintiff any other relief that this Honorable Court deems just and appropriate.

Dated: March 7, 2024,                         Respectfully submitted,

                                              */s/Alexander J. Taylor*
                                              Alexander J. Taylor, Esq.
                                              Counsel for Plaintiff
                                              Sulaiman Law Group, LTD
                                              2500 S. Highland Ave., Ste. 200
                                              Lombard, Illinois 60148
                                              Telephone:(630)575-8181 x180
                                              Fax: (630) 575-8188
                                              ataylor@sulaimanlaw.com